UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

MARVIN LOVE,                )
                            )
        Petitioner,          )
                            )
            v.              )     No. 1:16-cv-01584-TWP-TAB
                            )
UNITED STATES OF AMERICA,    )
                            )
        Respondent.          )

**Order Denying Motion for Relief Pursuant to 28 U.S.C. § 2255
and Denying a Certificate of Appealability**

Petitioner Marvin Love ("Love") seeks resentencing pursuant to 28 U.S.C. § 2255 on his conviction for being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. § 922(g)(1). For the reasons explained below, Love's motion for sentencing relief is **denied**, and a certificate of appealability is also **denied**.

**I. The § 2255 Motion**

A motion pursuant to 28 U.S.C. § 2255 is the presumptive means by which a federal prisoner can challenge his conviction or sentence. *See Davis v. United States*, 417 U.S. 333, 343 (1974). A court may grant relief from a federal conviction or sentence pursuant to § 2255 "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). The scope of relief available under § 2255 is narrow, limited to "an error of law that is jurisdictional, constitutional, or constitutes a fundamental defect which inherently results in a complete miscarriage of justice." *Borre v. United States*, 940 F.2d 215, 217 (7th Cir. 1991) (internal citations omitted).

## II. Factual and Procedural History

On August 19, 2015, Love was charged in a criminal complaint, *United States v. Marvin Love*, No. 1:15-cr-178-TWP-MJD-1 (hereinafter "Crim. Dkt."), Crim. Dkt. 1 (S.D. Ind. August 19, 2015), with one count of being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. § 922(g)(1).

On December 21, 2015, with the assistance of appointed counsel, Love filed a revised petition to enter a guilty plea and a plea agreement. Crim. Dkt. 31. The plea agreement explained that potential maximum penalty for the offense was a sentence of 10 years' imprisonment, a $250,000 fine, and 3 years' supervised release following any term of imprisonment. Crim Dkt. 31, p. 2. Love's pela agreement was governed by Federal Rule of Criminal Procedure 11(c)(1)(C) and parties agreed that Love would be sentenced to a term of 57 months. The agreement also specified that the imposition of a fine would be left to the discretion of the Court. The parties agreed that they would reserve the right to present evidence to the extent the Court imposed a term of supervised release following a term of imprisonment. *Id.*, pp. 4-5. Finally, Love agreed that, if the Court accepted the plea agreement and sentenced him in accordance with the plea agreement, he waived his right to appeal or otherwise challenge his conviction. *Id.*, p. 10. He also agreed not to contest, or seek to modify, his conviction or sentence or the manner in which either was determined in any collateral attack, including an action under 28 U.S.C. § 2255. *Id.*

The parties stipulated that under the Sentencing Guidelines, Love's base offense level was 24, pursuant to U.S.S.G. § 2K2.1(a)(2), because he possessed a firearm after sustaining two felony convictions for crimes of violence.[1] Crim. Dkt. 31, p. 9. After applying the acceptance of responsibility adjustment, Love's final offense level was 21. *Id.*

---

[1] Love's crimes of violence include 2 felony convictions for robbery and a felony conviction for carrying a handgun without a license. Crim. Dkt. 32.

A sentencing hearing was held on January 15, 2016, at which Love's plea of guilty was accepted. Crim. Dkt. 34. The Court sentenced Love to 57 months' imprisonment with three years of supervised release to follow his incarceration. Crim. Dkt. 35. Judgment was entered on January 20, 2016. Crim. Dkt. 35.

On June 22, 2018, Love filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 under *Johnson v. United States*, 135 S. Ct. 2551, 2563 (2015).

### III. Discussion

Love seeks relief pursuant to § 2255 arguing that his § 922(g)(1) conviction was predicated on robbery and because robbery does not qualify as a "crime of violence," his § 922(g)(1) conviction cannot be constitutionally sustained. In his supplemental briefing, Love attempts to add a new argument regarding ineffective assistance of counsel with respect to this motion.[2] The United States argues that Love is barred from bringing a § 2255 motion by the collateral relief waiver in his plea agreement. In the alternative, the United States argues that Love was sentenced under the Sentencing Guidelines and the guidelines are not subject to vagueness pursuant to *Beckles v. United States*, 137 S. Ct. 886 (2017). In his reply, Love argues for the first time that he is entitled to relief under the recent Supreme Court decision *Sessions v. Dimaya*, 138 S.Ct. 1204 (2018).

    A.    **Claims Raised in Reply**

Love raised a number of new claims for relief in his reply brief, *see* dkt. 15, but these new arguments are waived. *See Griffin v. Bell*, 694 F.3d 817, 822 (7th Cir. 2012) ("arguments raised

---

[2] With respect to his claim of ineffective assistance of counsel, Love argues that counsel, Sara Varner, was ineffective because she failed to file a brief in support of his § 2255 motion by the March 1, 2017, deadline. Ms. Varner filed a motion to withdraw her appearance as Love's counsel on February 28, 2017, and sought an extension of the *pro se* deadline. Dkt. 5. The Court permitted Ms. Varner to withdraw her appearance and extended Love's deadline to file a supplemental brief until May 8, 2017. Because she was no longer counsel for Love, Ms. Varner was not obligated to file a § 2255 brief on his behalf.

for the first time in a reply brief are deemed waived"); *Hernandez v. Cook Cnty. Sheriff's Office*, 634 F.3d 906, 913 (7th Cir. 2011) (same); *United States v. Foster*, 652 F.3d 776 n. 5 (7th Cir. 2001) ("The reply brief is not the appropriate vehicle for presenting new arguments or legal theories to the court."). Accordingly, no habeas relief is available on these newly raised grounds.

### B. Waiver of § 2255 Motion

The United States argues that Love waived his right to challenge his conviction and sentence in a § 2255 motion.

In order for a plea to be valid, it must be made voluntarily, knowingly, and intelligently. *United States v. Hays*, 397 F.3d 564, 567 (7th Cir. 2005) (citing *United States v. Gilliam*, 255 F.3d 428, 432-33 (7th Cir. 2001)). "A defendant may validly waive both his right to a direct appeal and his right to collateral review under § 2255 as part of his plea agreement." *Keller v. United States*, 657 F.3d 675, 681 (7th Cir. 2011); *see also Solano v. United States*, 812 F.3d 573, 577 (7th Cir. 2016). The Seventh Circuit has specifically stated that both statutory and constitutional rights can be waived in a plea agreement. *Jones v. United States*, 167 F.3d 1142, 1144 (7th Cir. 1999); *United States v. Woolley*, 123 F.3d 627, 631–32 (7th Cir. 1997); *United States v. Feichtinger,* 105 F.3d 1188, 1190 (7th Cir. 1997); *see also United States v. Woods*, 581 F.3d 531, 534 (7th Cir. 2009); *United States v. Emerson*, 349 F.3d 986, 988 (7th Cir. 2003); *United States v. Worthen*, 842 F.3d 552, 554-55 (7th Cir. 2016) (appeal waiver in plea agreement is enforceable and precludes appellate review absent the imposition of a sentence that exceeds the statutory maximum for the crime committed so that, because defendant's possible invalid sentence enhancement from the "crime of violence" did not exceed the statutory maximum, his appeal waiver was valid and enforceable).

Here, Love's appeal waiver was knowing and voluntary. At the beginning of his change of plea hearing, Love was sworn and placed under oath. Crim. Dkt. 34, p. 1. The Court found that a factual basis existed for the plea and the plea was voluntarily and knowingly made. *Id*. These sworn statements at the change of plea hearing are presumed truthful. *Bridgeman v. United States*, 229 F.3d 589, 592 (7th Cir. 2000).

Love's plea agreement included a specific provision where he expressly agreed:

> not to contest his guilty plea, or seek to modify, the defendant's conviction or sentence or the manner in which either was determined in any proceedings, including but not limited to, an action brought under Title 28, United States Code, Section 2255.

Crim. Dkt. 31, p. 10[3].

Because the waiver was knowing and voluntary, Love's current claim falls within its scope, so the waiver "must be enforced." *Nunez v. United States*, 546 F.3d 450, 453 (7th Cir. 2008). There are limited exceptions to this rule. A court will disregard the waiver if "the district court relied on a constitutionally impermissible factor (such as race), the sentence exceeded the statutory maximum, [ ] the defendant claims ineffective assistance of counsel in connection with the negotiation of the plea agreement," *Keller v. United States*, 657 F.3d 675, 681 (7th Cir. 2011), or Love was "depriv[ed] of some minimum of civilized procedure," *United States v. Adkins*, 743 F.3d 176, 192-193 (7th Cir. 2014).

None of these exceptions apply. As already discussed, the waiver was voluntary. Love was sentenced based on his crime and his criminal history, not a constitutionally impermissible factor. The sentence was well-below the statutory maximum. Love was represented at the time he pleaded

---

[3] An exception to the Section 2255 waiver was detailed in the plea agreement. In particular, Love's waiver does not encompass claims; either on direct or collateral review, if he believes he received ineffective assistance of counsel. Crim. Dkt. 31, p. 10.

guilty and does not challenge his attorney's performance. Lastly, nothing suggests that Love was subjected to improper procedures. These factors preclude Love's challenge.

Love is not arguing that the plea was not valid or enforceable – he simply argues that a new Supreme Court case entitles him to a lesser sentence, and he wants to be resentenced with the benefit of that holding. But by explicitly waiving his right to collaterally attack his plea, Love voluntarily assumed the risk that a favorable change in the law might occur and that he would not be able to benefit from such a change. There is nothing in the record to suggest that agreeing to take that chance was anything other than "a voluntary and intelligent choice among the alternate courses of actions open to him." *Berkey v. United States*, 318 F.3d 768, 773 (7th Cir. 2003) (quoting *North Carolina v. Alford*, 400 U.S. 25, 31 (1970)) (internal quotation omitted). Love's waiver precludes the relief he seeks.

### C. Johnson Claim

Notwithstanding waiver, Love is not entitled to relief under *Johnson*. In *Johnson v. United States*, 135 S. Ct. 2551, 2557 (2015), the Supreme Court struck down the Armed Career Criminal Acts ("ACCA") and held that the so-called residual clause (18 U.S.C. ' 924(e)(2)(B)(ii)) was unconstitutionally vague. The Seventh Circuit summarized *Johnson*'s impact on the ACCA:

> The [ACCA] . . . classifies as a violent felony any crime that "is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another". The part of clause (ii) that begins "or otherwise involves" is known as the residual clause. *Johnson* holds that the residual clause is unconstitutionally vague.

*Stanley v. United States*, 827 F.3d 562, 564 (7th Cir. 2016). *Johnson*'s holding is a new rule of constitutional law that the Supreme Court made retroactive in *Welch v. United States*, 136 S. Ct. 1257 (2016). *See Holt v. United States*, 843 F.3d 720, 722 (7th Cir. 2016).

On January 15, 2016, this Court sentenced Love to 57 months based on a binding plea agreement. Love's total offense level was 21 as determined by the Guidelines. However, the Supreme Court held in *Beckles v. United States,* 137 S. Ct. 886 (2017), that the Sentencing Guidelines are not subject to vagueness challenges under the Due Process Clause. In other words, the holding of *Johnson* does *not* apply to cases, like Love's, challenging guideline calculations. The Court denies Love's motion under § 2255 because the holding in *Beckles* forecloses any challenge to his sentence under the Sentencing Guidelines.

### IV. Conclusion and Certificate of Appealability

For the reasons explained in this Entry, Love is not entitled to relief on his § 2255 motion. Accordingly, his motion for relief pursuant to § 2255 is **denied** and this action is **dismissed with prejudice**. Judgment consistent with this Entry shall now issue and **a copy of this Order shall be docketed in No. 1:15-cr-178-TWP-MJD-1.**

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2255 proceedings, and 28 U.S.C. § 2253(c), the court finds that reasonable jurists would not find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court therefore **denies** a certificate of appealability.

**The clerk is directed** to update on the docket the petitioner's address consistent with the distribution portion of this Entry.

**IT IS SO ORDERED.**

Date: 6/21/2018

*[signature]*

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Marvin Love, #12921-028
FCI McKean
Federal Correctional Institution
P.O. Box 8000
Bradford, PA 16701

Brian L. Reitz
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
breitz@usa.doj.gov

James Robert Wood
UNITED STATES ATTORNEY'S OFFICE
Bob.wood@usdoj.gov